UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERROLL WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>    Defendant. | Case No. 21-cv-1020-RMM |

## MEMORANDUM OPINION AND ORDER

Erroll Walker brought this case seeking judicial review of a decision of the Commissioner to deny his Disability Insurance Benefits. *See* Compl. ¶¶ 3–6, ECF No. 1. He moved for entry of a judgment reversing the Commissioner's decision or, in the alternative, remanding the decision for further administrative proceedings, on the theory that the Commissioner's decision lacks a substantial evidentiary basis and is erroneous as a matter of law. *See* Mot. for J. of Reversal, ECF No. 13. Rather than respond to Mr. Walker's motion, the Commissioner filed a Motion for Entry of Judgment with Remand, requesting that the Court remand Mr. Walker's claim "so that the Commission may remand the claim to an administrative law judge to hold a new hearing and issue a new decision." Def. Mot. for Remand, ECF No. 15. Mr. Walker does not oppose the Commissioner's motion. *See id.* at 1.

This Court has "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" pursuant to the fourth sentence of 42 U.S.C. § 405(g). A sentence-four remand is appropriate only in conjunction with a final judgment on the Commissioner's decision to deny benefits. *See Melkonyan v. Sullivan*, 501 U.S.

89, 99–100 (1991). For that reason, a "substantive ruling on the correctness of [the Commissioner's] decision" is a "necessary prerequisite to a sentence-four remand." *Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) (citing *Melkonyan*, 501 U.S. at 98–101).

The Commissioner has conceded that her decision was incorrect in this matter. Under this Court's local rules, when an argument is advanced in support of a motion and the opposing party fails to counter the argument in a timely opposition brief, the court may treat the argument as conceded, even if the result is dismissal of the entire case. *See* Local Rule 7(b); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (collecting cases); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) (same). The Commissioner's response to Mr. Walker's Motion for Judgment of Reversal was due on March 14, 2022. *See* Feb. 11, 2022 Min. Order. The Commissioner has not filed an opposition. She has thus conceded the arguments in Mr. Walker's motion and brief in support. The Court accordingly **GRANTS** Mr. Walker's Motion for Judgment of Reversal. Consistent with sentence four of Section 405(g) and the Commissioner's unopposed motion for remand, the Court also **GRANTS** the Commissioner's Motion for Remand and **REMANDS** this matter for further administrative proceedings.

**SO ORDERED** this March 23, 2022.

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE